UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 06-CR-20030 |
| ) | |
| ROBERT W. TAYLOR, ) | |
| ) | |
| Defendant. ) | |

## OPINION

Defendant, Robert W. "Bear" Taylor, filed, pro se, these Motions for Clerk to Prepare and Issue Subpoena (#61, 62, 64, 65, 66) and for an Order for Grand Jury Transcripts (#63) on June 29 and July 1, 2009. On July 9, 2009, the government filed its Response (#68) to the subpoena motions and its Response (#69) to the grand jury motion. For the following reasons, Defendant's pro se Motions for Clerk to Prepare and Issue Subpoena (#61, 62, 64, 65, 66) and for an Order for Grand Jury Transcripts (#63) are all DENIED.

MOTION FOR SUBPOENAS

On June 29, 2009, Defendant filed a Motion for the Clerk to Prepare and Issue Subpoena to George Washington Savings Bank (#61) for bank records of 5M Investment Group, LLC, an entity associated with Gemini Development Group and a Motion for the Clerk to Prepare and Issue Subpoena to Gemini Companies (#62) for various records over a four year period. On July 1, 2009, Defendant filed three Motions for the Clerk to Prepare and Issue Subpoenas: (#64) and (#65) for the personal bank records of "A.K.," a victim in this case and (#66) for certain documents mailed to the

Brainard Law Offices. Defendant based his request for subpoenas on Rule 17 of the Federal Rules of Criminal Procedure. In support of his request for subpoenas, Defendant simply stated "I request this subpoena to be issued as to provide additional documentation and proof as I continue to prepare for an upcoming July 9, 2009 motion hearing before Judge Michael P. McCuskey."

The government responded on July 9, 2009, arguing that: (1) the district court has wide discretion to determine whether to issue a subpoena under Rule 17 and that Defendant falls far short of meeting his burden of showing the necessity of the witnesses's presence and the necessity of the requested documents towards preparing an adequate defense; and (2) since the requests for documentation relating to Gemini and "A.K." concern victims in the case, under Rule 17(c)(3) Defendant was required to give notice to the victims to allow them to move to quash or modify the subpoenas or otherwise object, which Defendant did not do.

Rule 17(b) of the Federal Rules of Criminal Procedure states:

> "**Defendant Unable to Pay.** Upon a defendant's ex parte application, the court must order that a subpoena be issued for a witness if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense. If the court orders a subpoena to be issued, the process costs and witness fees will be paid in the same manner as those paid for witnesses the government subpoenas."

The district court has wide discretion in determining whether to issue a subpoena under Rule 17(b). United States v. Chapman, 954 F.2d 1352, 1362 (7th Cir. 1992). The court agrees with the government that Defendant's reason for requesting the subpoenas falls well short of meeting his burden for necessity. The July 9, 2009, hearing has already been held. Before the hearing, on July

8, 2009, the court entered an Opinion (#67) denying Defendant's motion withdraw his guilty plea, motion for a modification of the order for revocation of bond, and motion for discovery. Defendant's guilty plea thus stands and all that remains is the sentencing. There is no more trial to prepare for. The motions set for the July 9, 2009, were decided by the court based on the filings of the parties. Defendant's motions are therefore denied.

Further, under Federal Rule of Criminal Procedure 17(c)(3), when a subpoena requiring the production of personal or confidential information about a victim is requested, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object. No notice has been given to the victims in this case by Defendant. The subpoenas regarding A.K. and Gemini must be denied on those grounds as well. For the above reasons, Defendant's pro se Motions for Clerk to Prepare and Issue Subpoena (#61, 62, 64, 65, 66) are DENIED.

GRAND JURY TRANSCRIPTS

On June 29, 2009, Defendant filed a pro se Motion for an Order for Grand Jury Transcripts (#63). Defendant requests the transcripts from the grand jury hearings from January 2006 and May 2007. Again, Defendant requests the transcripts "to provide additional documentation and evidence as he continue[s] to prepare for a motion hearing on July 9, 2009, before Judge Michael P. McCuskey." The government issued its Response (#69) on July 9, 2009, noting that Defendant cited no authority that would allow him to receive transcripts of the grand jury witness testimony and that, in fact, no such authority existed. The government cites to the Jencks Act, which states, in relevant partes:

> "In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government

witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a).

Statement is defined, within the statute, as "a statement, however taken or recorded, or a transcription thereof, if any, made by said witness to a grand jury." 18 U.S.C. § 3500(e)(3).

The court agrees with the government that, under the Jencks Act, Defendant is not entitled to the requested grand jury transcripts unless and until the witnesses have testified on direct examination. Defendant's pro se Motion for an Order for Grand Jury Transcripts (#63) is DENIED.

IT IS THEREFORE ORDERED:

(1) Defendant's pro se Motions for Clerk to Prepare and Issue Subpoena (#61, 62, 64, 65, 66) are DENIED.

(2) Defendant's pro se Motion for an Order for Grand Jury Transcripts (#63) is DENIED.

(3) This case remains set for a status conference on July 29, 2009, at 3:15 p.m.

ENTERED this 29th day of July, 2009

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE